**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JONATHAN CORSON,
                Plaintiff,

vs.

JAMHI HEALTH AND WELLNESS, INC.,
                Defendant.

No. 1:19-cv-016-HRH

O R D E R

Motion for Attorney Fees and Costs[1]

Defendant JAHMI Health and Wellness, Inc., moves for an award of attorney fees and costs.[2] This motion is opposed.[3] Oral argument has not been requested and is not deemed necessary.

Background

Defendant JAHMI Health and Wellness, Inc., is a not-for-profit corporation in Juneau, Alaska, that provides community housing and mental health treatment services to adults with severe mental illness and co-occurring substance use disorders.[4] Between

---

[1]Docket No. 23.

[2]Docket Nos. 23 and 27.

[3]Docket No. 24.

[4]Summary Judgment Order at 1-2, Docket No. 21.

ORDER – Motion for Attorney Fees and Costs          - 1 -

September 10, 2018, and April 1, 2019, plaintiff Jonathan Corson was employed as the organization's assistant residential services director.[5]

In September of 2019, plaintiff filed a complaint in Alaska Superior Court alleging that he was wrongfully terminated in violation of federal and state laws.[6] He brought five causes of action: retaliatory discharge in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, for "exposing and making a good faith report of fraudulent contracting practices"; wrongful termination in violation of Alaska Statute § 18.80.220; wrongful termination in violation of public policy; breach of the covenant of good faith and fair dealing; and "punitive damages" (notwithstanding that punitive damages are a remedy, not a cause of action).[7] The case was removed to federal court in November of 2019 on the basis of federal question jurisdiction, and the court exercised supplemental jurisdiction over plaintiff's state law claims.[8] Fact discovery remained open through the end of June 2021.[9]

In September 2021, defendant moved for summary judgment and the court granted defendant's motion on all of plaintiff's federal and state claims in February 2022.[10] The

---

[5]Id. at 1-2, 15.

[6]Complaint at 1, 9, ¶ 1, Exhibit 1, Notice of Removal, Docket No. 1-1.

[7]Id. at 5-7, ¶¶ 23-42.

[8]Notice of Removal at 2, Docket No. 1.

[9]Order (regarding revised scheduling deadlines) at 2, Docket No. 14.

[10]Docket Nos. 15 and 21.

court entered judgment in favor of the defendant, but did not award a money judgment to the defendant.[11]

Defendant devoted a total of $36,106.00 in attorney fees and $1,261.00 in costs in defense of this case.[12] The transactions billed as costs include photocopies, deposition transcripts, and court fees to the United States District Court and the Alaska Court System.[13] Defendant does not specify the portion of attorney fees incurred in defense of the federal claim and the portion incurred in defense of the state claims.[14]

Defendant now moves for a combined award of $22,420.20 for fees and costs for work spent in defense of plaintiff's federal and state claims pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Rule of Civil Procedure 54.3,[15] Rule 82 of the Alaska Rules of Civil Procedure, and 31 U.S.C. § 3730(d)(4).[16]

Discussion

Rule 54(d)(1), Federal Rules of Civil Procedure, provides that a prevailing party may recover costs, unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Upon submission of a motion, attorney fees and related

---

[11]Docket No. 22.

[12]Affidavit of Cheryl L. Graves at 1, Exhibit 1, cost transaction list at 1, Exhibit 2, fee transaction list at 6, Exhibit 3, Defendant's Motion for Attorney Fees and Costs, Docket Nos. 23-1, 23-2, and 23-3.

[13]Cost transaction list at 1, Exhibit 2, Defendant's Motion for Attorney Fees and Costs, Docket No. 23-2.

[14]Defendant's Motion for Attorney Fees and Costs, Docket No. 23.

[15]Defendant moves for attorney fees pursuant to "Local Rule 54.3," which no longer exists. Presumably, defendant means Local Civil Rule 54.2.

[16]Defendant's Motion for Attorney Fees and Costs at 1, Docket No. 23, Reply to Opposition on Request for Attorney Fees and Costs at 1, 3, Docket No. 27.

nontaxable expenses are also recoverable. Fed. R. Civ. P. 54(d)(2). The motion must state the amount requested and specify the judgment and legal grounds entitling the movant to an award, whether it be a statute, contractual provision, Alaska Rule of Civil Procedure ("Alaska Rule") 82, or other grounds. Fed. R. Civ. P. 54(d)(2)(B)(ii)-(iii) and L. Civ. R. 54.2(a)-(b).

Rule 82(a), Alaska Rules of Civil Procedure, provides that the prevailing party in a civil case shall be awarded attorney fees calculated under this rule, "[e]xcept as otherwise provided by law or agreed to by the parties." Subsection (b)(2) further provides that in a case that resolves short of trial where the prevailing party recovers no money judgment, the prevailing party shall recover 20 percent of attorney fees necessarily incurred. This fee award can be altered following consideration of various factors. Alaska Rule 82(b)(3).

Title 31, Section 3730(d)(4), of the False Claims Act provides that in qui tam cases where the government does not prosecute the action, but the person who brought the action conducts it, the court can "award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."

Costs and attorney fees are distinct under Rule 54, Alaska Rule 82, and the FCA. Notwithstanding, defendant moves for a combined award of fees and costs, even though defendant also states that either $1,261.00 or $756.50 of the total requested award is for costs alone.[17] The parties conflate the requests for attorney fees and costs and improperly analyze both requests under standards applicable only to a determination of an attorney

---

[17]Defendant's Motion for Attorney Fees and Costs at 1-2, 4, Docket No. 23, Reply to Opposition on Request for Attorney Fees and Costs at 1, 3, Docket No. 27.

ORDER – Motion for Attorney Fees and Costs - 4 -

fees award. Neither party specifically briefs the costs issue. However, plaintiff generally argues that fees and costs should not be awarded because the case was not obvious or wholly without merit, not vexatiously filed, and was complex; the defendant incurred unreasonable fees; a large award could deter other potential FCA litigants; and a large award could have an onerous impact on plaintiff's personal finances.[18] Neither party disputes that defendant is the prevailing party.

In federal court, Rule 54(d) prescribes that an award of costs is governed by federal law, even where there are state law claims. Physician's Surrogacy, Inc. v. German, 311 F. Supp. 3d 1190, 1198 n.5 (S.D. Cal. Apr. 19, 2018) (citing In re Merrill Lynch Relocation Mgmt., Inc., 812 F.2d 1116, 1120 n.2 (9th Cir. 1987), and United Cal. Bank v. THC Fin. Corp., 557 F.2d 1351, 1361 (9th Cir. 1977)). While Section 3730(d)(4) of the FCA expressly permits a prevailing defendant in a qui tam action to recover "its reasonable attorneys' fees and expenses," it does not reference costs; costs are not a subset of expenses. United States ex rel. Lindenthal v. Gen. Dynamics Corp., 61 F.3d 1402, 1413 (9th Cir. 1995). Rule 54 therefore dictates whether a prevailing defendant can be awarded costs in this case. Id. at 1413-14. See also Assoc. Against Outlier Fraud v. Huron Consulting Grp., Inc., 817 F.3d 433, 437 (2d Cir. 2016); United States ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1172 (10th Cir. 2009); United States ex rel. Costner v. United States, 317 F.3d 889, 891 (8th Cir. 2003) (all noting that Section 3730(d)(4) of the FCA does not govern the recovery of costs by a prevailing defendant and recognizing the court's authority to award costs under Rule 54).

---

[18]Plaintiff's Opposition to Motion for Attorney Fees and Costs at 3-5, Docket No. 24.

Courts have discretion under Rule 54 to award costs to prevailing defendants. Lindenthal, 61 F.3d at 1413-14. Rule 54(d) presumes that costs will be awarded to the prevailing party, but "[t]he unsuccessful litigant can overcome this presumption ... by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs," such as "fault, misconduct, or default worthy of punishment." United States ex rel. Haight v. Catholic Healthcare W., No. CV-01-2253-PHX-FJM, 2008 WL 607150, at *2 (D. Ariz. Feb. 29, 2008) (quoting Lindenthal, 61 F.3d at 1414). Absent such a showing by the losing party, the court should award costs. Id. The court need not "specify reasons for its decision to abide the presumption and tax costs to the losing party," but "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (emphasis omitted).[19]

In the District of Alaska, only those items listed in Local Rule 54.1(e) can be awarded as costs. These include:

    (1) marshal fees ... and other reasonable service of process fees;

    (2) transcripts when prepared pursuant to stipulation or order;

    (3) reasonable deposition costs, including transcript and interpreter's fee;

---

[19]If the court refuses to award costs to the prevailing party, it must specify its reasons for doing so. Assoc. of Mexican-American Educators v. California, 231 F.3d 572, 591-92 (9th Cir. 2000). The Ninth Circuit has approved various reasons for refusing to award costs to a prevailing party, including: the losing party's limited financial resources; the extent of any economic disparity between parties; the prevailing party's misconduct; whether the case involved issues of substantial public importance; the difficulty and closeness of the issues in the case; whether the losing party's case had some merit; and whether the chilling effect of high costs would discourage future litigants from bringing cases. Id. at 592-93.

    (4) non-party witness fees, mileage, and subsistence, including parties subpoenaed by adverse parties ...

    (5) interpreter fees;

    (6) reasonable cost of copying and exhibit preparation, excluding demonstrative exhibits;

    (7) docket fees ...

    (8) fees for masters, receivers, and commissioners ordered by the court;

    (9) state court filing fees for removal jurisdiction actions;

    (10) postage; and

    (11) other costs specifically required by court order.

Local Rule 54.1(e).

  In this case, defendant prevailed on summary judgment and the court entered judgment in its favor. Defendant is the prevailing party and is therefore presumptively entitled to an award of costs. But defendant is not entitled the full amounts requested.

  Defendant requests an award of costs totaling either $756.50 or $1,261.00 for money spent on photocopies, deposition transcripts, and various court fees. An award of costs for expenses incurred for photocopies, deposition transcripts, "[c]ourt fees for file for removal Alaska Court System," and "[c]ourt fees to United States District Court for removal to Federal Court"[20] is proper under Local Rule 54.1(e)(3), (6), (7), and (9) because these costs are specifically listed in these sections of the rule. Combined, these costs total $1,226.00. There is one additional court fee listed in the cost transaction list. It was paid to the Alaska Court System and the nature of the fee is unspecified. An

---

[20]Defendant's Motion for Attorney Fees and Costs, Docket No. 23-2.

award of costs for this court fee is not proper because it is not clear if this cost was a docket fee or other taxable cost listed in Local Rule 54.1(e).

Plaintiff points to no impropriety on the part of defendant that justifies a denial of these costs. While plaintiff makes various arguments against an award of costs and fees in general, the court finds that any potential reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. Defendant is therefore entitled to an award of costs for the transcript, photocopy, docket fees, and state court removal filing expenses incurred in this action in the amount of $1,226.00.

As noted above, defendant also requests an award of attorney fees for work spent in defense of both the federal and Alaska state law claims. Defendant contends that federal law should govern an award for work on the federal claim and Alaska law should govern an award for work on the state law claims. Plaintiff agrees; his arguments against a fee award for his federal claim are based on federal law, while his arguments against a fee award for his state law claims are based on Alaska state law.

The court concurs in the parties' above arguments. Federal law governs whether defendant is entitled to a fee award for work on plaintiff's federal claim, while state law governs defendant's entitlement to a fee award for work on defendant's state law claims. "[F]ederal courts apply state law for attorneys' fees to state claims because of the Erie doctrine ... and Erie does not compel federal courts to apply state law to a federal claim." Klien v. City of Laguna Beach, 810 F.3d 693, 701 (9th Cir. 2016). Erie principles apply equally here, in the context of pendant jurisdiction. Mangold v. Cal. Pub. Utilities Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995). See also Notter v. City of Pleasant Hill, No. 16-cv-04412-JSC, 2017 WL 5972698, at *2 (N.D. Cal. Nov. 30, 2017) (in action brought pursuant to 42 U.S.C. § 1983 and California state law, where plaintiff prevailed

on both state and federal claims, "the court applies state law for attorney's fees to state claims and federal common law of attorney's fees to the federal claims").

Inasmuch as the court is applying federal law to plaintiff's federal claim and Alaska law to plaintiff's state law claims, the court must apportion fees between the federal and state claims. Defendant does not specify how much time or money was expended in defense of the federal claim and how much was spent in defense of the state law claims. Defendant argues that fifty percent of the fees should be attributed to the federal claim and the other fifty percent should be attributed to state law claims.[21] In the alternative, defendant argues that one-fifth of the work should be attributed to the federal claim and four-fifths should be attributed to the four state law claims.[22] While defendant cites several cases that support a fifty percent division, it cites no legal basis that supports its alternative proposal.

In cases involving both state and federal claims where the prevailing party cannot or does not delineate the attorney fees incurred in defending each type of claim, "the customary approach ... is to attribute fifty percent of any joint or undifferentiated fee work to the state law claims and fifty percent to the federal claims." Bowers v. Denali State Bank, No. 4:21-cv-00007-SLG, 2022 WL 343815, at *1 (D. Alaska Feb. 4, 2022) (citing Mahoney v. Barlow, 452 Fed. App'x 724, 726 (9th Cir. 2011); Estate of Tasi ex. rel. Taualo-Tasi v. Municipality of Anchorage, No. 3:13-cv-00234-SLG, 2017 WL 6025339, at *2 (D. Alaska Mar. 20, 2017); and Dietzmann v. City of Homer,

---

[21]Defendant's Motion for Attorney Fees and Costs at 2-3, Docket No. 23, Reply to Opposition on Request for Attorney Fees and Costs at 2-3, Docket No. 27.

[22]Reply to Opposition on Request for Attorney Fees and Costs at 2-3, Docket No. 27.

No. 09-00019-RJB, 2013 WL 11309599, at *3 (D. Alaska June 11, 2013)).  That the majority of a litigant's claims implicate state law does not mean that Alaska Rule 82 should govern a greater portion of the analysis regarding an attorney fees award. Bowers, 2022 WL 343815, at *1.

Defendant incurred $36,106.00 in attorney fees in this case.[23]  Applying the approach set forth in Bowers – the primary approach advanced by defendant – the court finds that half of this amount, or $18,053.00,[24] is attributable to the federal claim and the other $18,053.00 is attributable to the state law claims.  The court now considers whether defendant is entitled to an award of fees, first for the amount attributed to the federal claim and second for the amount attributed to the state law claims.

Rule 54(d)(2)(A), Federal Rules of Civil Procedure, provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion...."  Local Rule 54.2(b) states that a motion pursuant to this rule must state the authority for the award, whether a federal statute or other grounds.  Defendant contends that Section 3730(d)(4) of the FCA supports its request for attorney fees for its work spent defending plaintiff's FCA retaliatory discharge claim.[25]  Under Section 3730(d)(4), "the court may award to the defendant its reasonable attorney fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the

---

[23]Fee transaction list at 6, Exhibit 3, Defendant's Motion for Attorney Fees and Costs, Docket No. 23-3.

[24]Defendant incorrectly claims that half of the attorney fees amount to $18,683.50. This amount is actually half of the combined total of fees and costs incurred, $37,367.00.

[25]Defendant's Motion for Attorney Fees and Costs, Docket No. 23.

ORDER – Motion for Attorney Fees and Costs						- 10 -

action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."

Fee requests pursuant to Section 3730(d)(4) are almost always resolved in favor of not imposing fees; fees are awarded only in "rare and special circumstances." Perry v. Pac. Mar. Indus. Corp., No. 13cv2599-LAB (JMA), 2019 WL 2472615, at *2 (S.D. Cal. June 13, 2019) (citing Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1007 (9th Cir 2002)). "Courts 'must exercise caution in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be airtight.'" United States ex rel. Kiro v. Jiaherb, Inc., No. CV 14-2484-RSWL-PLA, 2019 WL 6971057, at *2 (C.D. Cal. Nov. 1, 2019) (quoting Prather v. AT&T, Inc., No. 09-CV-2457-CRB, 2014 WL 555133, at *2 (N.D. Cal. Feb. 10, 2014)).

"The Ninth Circuit has explained that a court should deny an award of attorneys' fees when the 'circumstances furnish some basis, albeit somewhat tenuous, for one to theorize' a claim, even if 'evidence to support such a theory failed to materialize, and summary judgment was properly granted in favor of the defendant[].'" United States ex rel. Berg. v. Honeywell Int'l, Inc., No. 3:07-cv-00215-SLG, 2017 WL 1843688, at *2 (D. Alaska May 8, 2017) (alteration in original) (quoting Karam v. City of Burbank, 352 F.3d 1188, 1196 (9th Cir. 2003)). Further, even when a claim is clearly frivolous, vexatious, or harassing in nature, an award is not mandatory, but within the court's discretion. Amphaster Pharm. Inc. v. Aventis Pharma SA, No. EDCV-09-0023 MJG, 2017 WL 10543563, at *2 (C.D. Cal. Nov. 20, 2017) (citing Pfingston, 284 F.3d at 1006-07). If the court does award fees, it must make detailed findings in support of an award. Pfingston, 284 F.3d at 1006-07.

Defendant argues that it is entitled to fees under Section 3730(d)(4) because in its belief, plaintiff's federal claim was clearly frivolous and vexatious.[26] Defendant argues that plaintiff should have known before filing suit that he was not engaged in a protected activity when he voiced his concerns about restrictive measures.[27] Defendant states that the court found that plaintiff offered no evidence that least restrictive environment is a condition of Medicare or Medicaid funding, and plaintiff should have known the relevant Medicaid and Medicare requirements before filing suit since these are governed by statute and regulation.[28] Defendant further argues that plaintiff knew, before he filed his lawsuit, that defendant was unaware he was allegedly investigating fraud when he stated his concerns about editing service notes.[29] Defendant claims that if plaintiff was actually investigating fraud during his employment, then he would have voiced his complaints about editing service notes through the proper designated channels at the time he made other complaints.[30]

In sum, it is defendant's position that plaintiff "was dissatisfied with his job duties and disgruntled after his termination," so when his complaints with the Alaska Department of Health and Social Services failed, he filed this "frivolous and vexatious" lawsuit that was without any basis.[31] Defendant argues that if plaintiff's intentions had been

---

[26]Defendant's Motion for Attorney Fees and Costs at 3-4, Docket No. 23.

[27]Id. at 3.

[28]Id. at 3-4.

[29]Id. at 3.

[30]Id. at 4.

[31]Id., Reply to Opposition on Request for Attorney Fees and Costs at 3, Docket No. 27.

ORDER – Motion for Attorney Fees and Costs - 12 -

benevolent, then he would have used appropriate channels to report his concerns and, that failing, would have made a report to the State during his employment.[32]

In his opposition brief, plaintiff misconstrues defendant's frivolity argument. Plaintiff argues that defendant's frivolity argument is based solely on the fact that plaintiff lost on summary judgment.[33] Notwithstanding, he argues that his claim was not obvious or wholly without merit, and therefore was not clearly frivolous, as evidenced by the length and complexity of the briefing and orders in this case.[34] Additionally, plaintiff argues his claim was not clearly vexatious because he filed it to protect the health and safety of JAHMI residents and because of the "decline in his personal health due to overwork," not because he was dissatisfied with his job duties and disgruntled after he was fired.[35] According to plaintiff, there is insufficient evidence that his complaint was clearly vexatious or brought primarily for the purpose of harassment.[36]

"An action is 'clearly vexatious' or 'brought primarily for purposes of harassment' when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." Pfingston, 284 F.3d at 1006. "It is not enough that a plaintiff may have had some agenda beyond successful recovery; rather, the ulterior motive must be 'paramount over asserting [the] non-frivolous claims.'" Boyd v.

---

[32]Reply to Opposition on Request for Attorney Fees and Costs at 3, Docket No. 27.

[33]Plaintiff's Opposition to Motion for Attorney Fees and Costs at 2-3, Docket No. 24.

[34]Id. at 3.

[35]Id. at 3-4.

[36]Id. at 4.

ORDER – Motion for Attorney Fees and Costs - 13 -

Accuray, Inc., No. 11-CV-01644-LHK, 2012 WL 4936591, at *3 (N.D. Cal. Oct. 17, 2012) (alteration in original) (quoting Catholic Healthcare W., 2008 WL 607150, at *2).

Defendant's contention that plaintiff's claim was clearly vexatious is without merit. While defendant argues that plaintiff only filed his FCA claim because he was unhappy with his job duties and disgruntled after he was fired, defendant has presented no evidence in support of this argument. But plaintiff disputes this argument and offers an alternative explanation. Absent evidence of an improper purpose – or any evidence, for that matter – defendant cannot demonstrate that plaintiff's action meets the "clearly vexatious" standard. See Prather v. AT&T Inc., 2014 WL 555133, at *3 (no showing that action was clearly vexatious or brought primarily for purpose of harassment when there was no evidence that action was brought merely to annoy or embarrass defendants).

Defendant's contention that plaintiff's claim was clearly frivolous is a closer call. "An action is 'clearly frivolous' when the result is obvious or the arguments made are 'wholly without merit.'" Perry v. Pac. Mari. Indus. Corp., 2019 WL 2472615, at *1 (citing Pfingston, 284 F.3d at 1006). When determining whether an action was frivolous, "[t]he Supreme Court has cautioned courts to resist the temptation to engage in post hoc reasoning that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. (citing Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 421–22 (1978)).

As defendant points out, there were certainly weaknesses in plaintiff's claim. Indeed, the court found that he ultimately failed to make out a prima facie case of FCA retaliation.[37] That some of these shortcomings are readily ascertainable by reference to

---

[37]Summary Judgment Order at 29, 31, Docket No. 21.

ORDER – Motion for Attorney Fees and Costs                                              - 14 -

statute or regulation suggests that plaintiff's claim bordered on frivolous. But defendant fails to explain how plaintiff's claim was obvious or wholly without merit, which is the relevant standard for assessing if a claim is "clearly frivolous." Moreover, the course of litigation in this case suggests the opposite: that plaintiff's claim was not obvious and had some merit.

Defendant never filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Rather, after approximately one and a half years of discovery, defendant filed a forty-eight page summary judgment motion in which it alleged that plaintiff's FCA retaliatory discharge claim was both inadequately pled and that defendant was entitled to summary judgment on the claim.[38] This motion was supported by approximately 134 pages of exhibits, including affidavits, deposition transcripts, and responses to interrogatories and requests for admission.[39] The court ultimately granted summary judgment to defendant in a thirty-six page order, approximately thirteen pages of which were devoted solely to plaintiff's FCA claim.[40] The record shows that this is a case where "the 'circumstances furnish[ed] some basis, albeit somewhat tenuous, for [plaintiff] to theorize' a claim, even [though] 'evidence to support such a theory failed to materialize, and summary judgment was properly granted in favor of the defendant[].'" Honeywell Int'l, 2017 WL 1843688, at *2 (last alteration in original).

Finally, defendant has not alleged, let alone shown, that plaintiff's action constitutes a "rare and special circumstance" where fees should be granted. Because

---

[38]Defendant's Motion for Summary Judgment at 21-47, Docket No. 15.

[39]Docket Nos. 15-1 – 15-10.

[40]Docket No. 21.

defendant has not shown that plaintiff's FCA retaliatory discharge claim was clearly frivolous or vexatious, the court holds that defendant is not entitled to attorney fees for work spent on this claim.

The court now turns to defendant's request for attorney fees for work spent in defense of plaintiff's state law claims. Alaska Rule 82(a) provides that "the prevailing party in a civil case shall be awarded attorney's fees calculated" in accord with the rule, except as provided by law or otherwise agreed to by the parties. In a case which is resolved without trial and in which the prevailing party recovers no money judgment, the court shall award the prevailing party 20 percent of its actual attorney fees which were necessarily incurred. Alaska Rule 82(b)(2). "Awards made pursuant to the schedule of [Alaska] Civil Rule 82(b) are presumptively correct." Williams v. Fagnani, 228 P.3d 71, 76 (Alaska 2010).

However, the court may vary an award of attorney's fees entered pursuant to this rule if the court determines that a variation is warranted after consideration of various factors. Alaska Rule 82(b)(3). These include the following:

>    (A) the complexity of the litigation;
> 
>    (B) the length of trial;
> 
>    (C) the reasonableness of the attorneys' hourly rates and number of hours expended;
> 
>    (D) the reasonableness of the number of attorneys used;
> 
>    (E) the attorneys' efforts to minimize fees;
> 
>    (F) the reasonableness of the claims and defenses pursued by each side;
> 
>    (G) vexatious or bad faith conduct;

(H) the relationship between the amount of work performed and the significance of the matters at stake;

(I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;

(J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and

(K) other equitable factors deemed relevant.

Id. If the court varies the award, it must explain the reasons for variation. Id.

Defendant argues that it is entitled to an award of fees entered pursuant to the schedule in Alaska Rule 82(b)(2).[41] That is, defendant argues that it is entitled to 20 percent of the fees incurred in defending against plaintiff's state law claims.[42] Plaintiff argues in opposition that in consideration of the factors articulated at Alaska Rule 82(b)(3), defendant should be awarded less than 20 percent of the fees incurred in defense of the state law claims.[43] Specifically, plaintiff argues that in consideration of factors (A), (C), (E), (I), and (J), the fee award should be varied downward.[44] Plaintiff does not state what amount or percentage of fees defendant should be awarded.

---

[41]Defendant's Motion for Attorney Fees and Costs at 3, Docket No. 23.

[42]Defendant incorrectly asserts that this amounts to an award of $3,736.70. As noted previously, $18,053.00 is attributable to defense of the state law claims. Twenty percent of $18,053.00 is $3,610.60.

[43]Plaintiff's Opposition to Motion for Attorney Fees and Costs at 4-5, Docket No. 24.

[44]Id.

Twenty percent of $18,053.00, the attorney fees that defendant incurred defending against plaintiff's state law claims, amounts to $3,610.60.  Plaintiff has not shown that a downward variation of this amount is warranted.  Plaintiff does not explain how the work in this case was so insufficiently complex that a downward adjustment is warranted under factor (A).[45]  Nor does plaintiff explain why he believes the attorney fees incurred are unreasonable and why he believes no efforts were made to minimize these costs.  Rather, plaintiff baldly argues that "182.7 hours to litigate this matter, which was decided on a motion for summary judgment ... [is] app[arently] ... unreasonable and ... no effort was made to minimize costs."[46]  But plaintiff has proffered no basis from which the court could conclude that 182.7 hours was an unreasonable amount of time to spend defending against his claims, especially given that this case included five claims and has been litigated over the course of two plus years.  Nor has plaintiff proffered any evidence supporting his assertion that defendant made no effort to minimize costs.

Finally, plaintiff's argument that an award of fees should be adjusted downward under factors (I) and (J), so as not to deter future parties from pursuing similar litigation, is also without merit.  Plaintiff claims that defendant is requesting attorney fees:

> in an amount approximately equal to half of Mr. Corson's yearly salary at JAHMI.  This amount would be so onerous for Mr. Corson that it is likely to force him into bankruptcy. ...[S]uch a high amount would have a serious chilling effect on whistleblowers seeking to protect the health and safety of the mentally ill residents within the JAHMI system.[47]

---

[45]Plaintiff's argument as to this factor is nonsensical.  It appears to be based on a misunderstanding of the rule and of defendant's arguments.

[46]Plaintiff's Opposition to Motion for Attorney Fees and Costs at 5, Docket No. 24.

[47]Id.

ORDER – Motion for Attorney Fees and Costs  - 18 -

Plaintiff does not state what amount requested by defendant he believes constitutes half of his yearly salary at JAHMI, though this is most likely not the $3,610.60 amount noted above. Presumably, plaintiff is either referring to the sum total award requested by defendant in its motion – which is $37,367.00 at the beginning of the motion, and then $22,420.10 at the end of the motion.[48] Plaintiff has proffered no evidence that an award of $3,610.60 is so high as to improperly deter future litigants from pursuing claims, and his argument to this effect is unconvincing.

For the foregoing reasons, defendant is entitled to an award of attorney fees for those incurred in defense of plaintiff's state law claims, consistent with Alaska Rule 82(b)(2). No adjustment is merited.

## Conclusion

The court grants defendant's motion in part and denies it in part. Defendant is awarded costs in the amount of $1,226.00. Defendant is awarded attorney fees for work spent on state law claims in the amount of $3,610.60. The motion is denied in all other respects.

DATED at Anchorage, Alaska, this  21st  day of April, 2022.

/s/   H. Russel Holland
United States District Judge

---

[48]Defendant's Motion for Attorney Fees and Costs at 1, 4, Docket No. 23.